GEORGE W. DECKER COMPANY, INC., Landlord, *v.* GEORGE W. DECKER and Another, Tenants.

City Court of Binghamton, January 20, 1931.

*Lewis S. Clark*, for the landlord.

*Hinman, Howard & Kattell*, for the tenants.

HACKETT, J. This is a summary proceeding instituted by the petitioner, George W. Decker Company, Inc., a domestic corporation having its principal office for the transaction of business at the city of Binghamton, N. Y., praying for the removal of George W. Decker and Bernice E. Decker from the premises known as No. 524 Chenango street, in the city of Binghamton, N. Y., the petition alleging, among other things: That the petitioner is the owner of said premises; that in the year 1924 petitioner rented the first floor of said premises to George W. Decker and Bernice E. Decker from month to month, and that the said George W. Decker and Bernice E. Decker have occupied said premises from month to month from that time down until these proceedings were instituted; that on the 25th day of August, 1930, petitioner caused to be duly served upon said George W. Decker and Bernice E. Decker a notice pursuant to law, requiring that they quit and remove from said premises on or before the 30th day of September, 1930; and that the said defendants continued to retain possession of said premises after the expiration of said term without permission of the petitioner, the landlord and owner thereof.

The defendant Bernice E. Decker filed a verified answer alleging that the premises in question were conveyed to the George W. Decker Company, Inc., by the defendants George W. Decker and Bernice E. Decker, by deed dated December 31, 1924, and recorded in the Broome county clerk's office February 11, 1925; that George W. Decker was and still is the only party having a substantial interest in said corporation, being the owner and holder of ninety-eight shares of its issued capital stock, the only other stockholders having a nominal interest of one share each; that in 1926 George W. Decker brought an action against Bernice E. Decker for divorce and in the interlocutory and final order in the Supreme Court, the latter of which was entered in the Broome county clerk's office on April 28, 1926, it was ordered, pursuant to an agreement between the parties, that the party of the first part, George W. Decker, pay to the party of the second part, Bernice E. Decker, the weekly sum of ten dollars on Saturday of each and every week, towards the care and support of the issue of the marriage, until said child becomes twenty-one years of age, or self-supporting prior thereto, and in addition thereto provide as a home for said child and mother the first floor as now furnished of the premises known as 524 Chenango street, in the city of Binghamton, N. Y., or, in the event of the sale of these premises, some other place of residence suitable to the needs and comforts of said child and mother, provided, however, that the party of the second part shall not remarry, and, in case of the remarriage of the party of the second part, any and all liability to furnish a home shall immediately cease, but said

payments are to continue; that the said Bernice E. Decker has lived and is still living in the said premises, together with said child, under the terms of said agreement and order with the consent and approval of the George W. Decker Company, Inc.; that said Bernice E. Decker is still unmarried, and that said child is neither twenty-one years of age nor self-supporting; that said premises have not been sold since the date of the aforementioned agreement and order; that said George W. Decker has not provided nor offered to provide another suitable residence.

The defendant George W. Decker neither appeared nor answered in these proceedings.

The proceeding was adjourned from time to time until November 19, 1930, at two o'clock P. M., when it was submitted on the pleadings and again adjourned until November 26, 1930, for briefs, and a further adjournment taken until January 10, 1931, for briefs. Counsel for the respective parties have submitted exhaustive briefs on the theory of corporate entity and as to when that theory should be disregarded. The authorities are not in harmony on this proposition, and this court will pass upon the question only so far as it involves this particular proceeding.

From the pleadings it is apparent that there has been no change in status of the parties herein from the time of the making of the orders in the divorce action, and during this time also George W. Decker has held a controlling interest in the corporation, the other stockholders having merely a nominal interest. While this court does not decide the question as to whether or not George W. Decker had authority to obligate petitioner, George W. Decker Company, Inc., in the signing of the agreement and the incorporating of said agreement in the orders in the divorce action, the said corporation, having had notice through its controlling stockholder of the making of the agreement and of its incorporation in the orders of the Supreme Court, and having acquiesced in its performance during all this time, should be estopped from repudiating said agreement.

If the defendant George W. Decker, who is the controlling stockholder of the George W. Decker Company, Inc., desires to be relieved from his obligations under the agreement and orders of the Supreme Court and thereby bring relief to the plaintiff corporation, which he apparently controls, his remedy is to obtain from the Supreme Court permission to petition that court for a modification of that final order. Until such time as the actual happening of some of the contingent events set forth in said agreement and orders, the George W. Decker Company, Inc., is and should be without remedy in these proceedings.

The petition and precept are dismissed, with costs to the defendant Bernice E. Decker. Judgment entered accordingly.